[797 NYS2d 769]

# In the Matter of Frank J. Kobb, an Attorney, Resignor.

Second Department, July 11, 2005

### APPEARANCES OF COUNSEL

*Richard E. Grayson*, White Plains, for resignor.

*Faith Lorenzo*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for the Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Frank J. Kobb has submitted an affidavit dated March 4, 2005, wherein he tenders his resignation as an attorney and counselor-

at-law (*see* 22 NYCRR 691.9). Mr. Kobb was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 17, 1956.

Mr. Kobb has been informed by the Grievance Committee that a preliminary investigation reveals evidence of his infractions of the Code of Professional Responsibility regarding the maintenance of his firm's escrow account and the preservation of funds entrusted to him as fiduciary. He was specifically advised that charges, including his knowing violation of the specific terms of a certain survival agreement dated February 28, 2002, which was entered into at the closing on the sale of a newly constructed home between his client, as seller, and the purchasers, would be prosecuted in a disciplinary proceeding to be recommended by the Grievance Committee to the Court. Pursuant to the survival agreement, Mr. Kobb was required to retain and hold in escrow the sum of $2,000 following the closing to ensure that the seller completed numerous punch list items for the purchasers. It further expressly provided that Mr. Kobb would not disburse the funds to the seller until the purchasers consented in writing. Notwithstanding that express language, Mr. Kobb disbursed the $2,000 to the seller at the conclusion of the closing without the knowledge or consent of the purchasers or their attorney.

Mr. Kobb acknowledges his inability to successfully defend himself on the merits against any disciplinary charges based upon the aforesaid misconduct. He avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney, Richard E. Grayson, and others whose advice and counsel he respects and is fully aware of the implications of submitting a resignation, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years.

Mr. Kobb's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the resignation complies with all pertinent Court rules, it is accepted and, effective immediately, Frank J. Kobb is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Frank J. Kobb is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Frank J. Kobb shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Frank J. Kobb is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Frank J. Kobb has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).